■ ROBERT THOMAS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60123.)—Appeal from a judgment, entered December 23, 1976, upon a decision of the Court of Claims. In the early hours of February 3, 1976, Patrolman Forbes of the Palisades Park Commission came upon a car sitting on the center mall of the Palisades Parkway with its engine racing. The night was bitter cold, the wind was blowing and the roads were slick. The patrolman offered assistance to the driver, the claimant in this case. Claimant refused, but after several more offers of assistance, claimant opened the car door. Patrolman Forbes smelled alcohol. Several other indicia of intoxication were subsequently noted and claimant was placed under arrest for driving while intoxicated. The patrolman took claimant to Nyack Hospital for a blood test, but when they arrived, claimant refused to get out of the police car. Forbes had to handcuff claimant in order to subdue him. He chose to handcuff claimant behind the back. Forbes then decided to take claimant back to his station at Bear Mountain. He asked some police officers at the hospital to accompany him. Officer McCord from the Nyack Police Department and an officer from Clarkstown followed Forbes in their own cars. According to Officer Forbes, claimant was screaming and crying, complaining that his handcuffs were too tight. Forbes saw a gas station, closed for the night, and pulled in. The other officers followed. Officer Forbes removed claimant from the car, loosened the handcuffs and stood claimant up against the car. Claimant fell on his face, breaking his nose in several places. Officers O'Grady and McCord testified that the gas station was covered with ice and a thin layer of snow. Officer McCord also testified that Officer Forbes warned claimant to be careful because it was slippery. Officer Forbes attempted to stop the blood flowing from claimant's nose with some gauze, but was not totally successful. There is much testimony concerning subsequent events relating to claimant's treatment at the hands of the police and the suffering caused by his injury, none of which is relevant to the central inquiry in this case: whether the State negligently caused claimant's injuries. Claimant could testify only to events prior to his leaving the road and after being placed in a cell at police headquarters. Apparently, he was suffering from traumatic amnesia at all other relevant times. Claimant sought damages on various causes, including false arrest, assault and negligence. The Court of Claims dismissed all but the negligence cause of action, sustained that cause and made an award. The State appeals. While the State had a duty to exercise reasonable care to protect claimant from harm during the period of custody, claimant had the burden to establish that the State breached that duty. In other words, claimant had to prove negligence on the part of the State which was a proximate cause of the injuries. Viewing the record as a whole we are of the opinion that he failed. We find nothing in the conduct of Officer Forbes which constituted negligence. Furthermore, it was not foreseeable that claimant would fall and be injured. The judgment, therefore, must be reversed and the claim dismissed. Judgment reversed, on the law and the facts, and the claim dismissed, without costs. Sweeney, Staley, Jr., Main and Mikoll, JJ., concur; Greenblott, J. P., dissents and votes to affirm in the following memorandum. Greenblott, J. P. (dissenting). I respectfully dissent. A review of the evidence leads me to the conclusion that the decision of the Court of Claims was correct. There was testimony from defense witnesses that the temperature on February 3 was well below freezing and that conditions were hazardous. The gas station was covered with a thin layer of snow and ice. Several factors came into play which point to the State's negligence. First, the officer's action in taking claimant to an ice-covered lot and removing him

from the car was dangerous. We are all well aware of the hazards presented by an ice-covered walkway. For the officer to bring claimant into such a danger zone was thoughtless. But, when we consider that the officer believed claimant to be intoxicated and that the prisoner was handcuffed behind his back, the officer's actions were clearly negligent. Under these circumstances, a fall was foreseeable. Further, claimant was helpless to break his fall with his hands locked behind him, a condition imposed upon him by the officer. The entire situation was fraught with a danger of injury to claimant. The State's role in bringing about and enhancing that danger requires the imposition of liability. I, therefore, vote to affirm the decision of the Court of Claims.